Joseph E. DECKER, Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

and

William T. Bolger, Postmaster General, United States Postal Service, Individually and in his official capacity, Defendants.

Civ. A. No. 82–0129–P.

United States District Court,
W.D. Kentucky,
at Paducah.

July 6, 1984.

Brenda Gail Lowe, Western Kentucky Legal Services, Inc., Paducah, Ky., for plaintiff.

John Wilson, Asst. U.S. Atty., Louisville, Ky., for defendants.

## MEMORANDUM AND ORDER

JOHNSTONE, District Judge.

Mr. Decker claims that he suffered discriminatory treatment while employed at the United States Post Office in Mayfield, Kentucky. Prior to his complaint in this court, Decker attempted to present his charges through Equal Employment Opportunity channels; however, his administrative complaint was ultimately dismissed as untimely. The matter is now before the court for a determination of whether Decker's charge should be deemed timely. Jurisdiction is based upon 42 U.S.C. § 2000e–16(c). For the reasons given below, the court concludes that Decker's claim should be accepted as timely.[1]

## BACKGROUND

Decker was hired by the post office on September 6, 1980, and discharged on October 31, 1980. After his discharge Decker desired to protest the way he had been treated by the post office; however, although he was aware that some procedure existed for making protests and presenting claims of discrimination, he was not aware of the specific requirements for presenting a claim. (Affidavit of Joseph Decker at 2). Hoping to discover the proper procedures, Decker immediately contacted the Postal Union Steward in Mayfield and his former supervisor in Mayfield. Neither man was able to provide Decker with the information he required. (Decker Affidavit at 2). Decker's supervisor did permit him to take a look at the employee bulletin board at the post office, but Decker did not discover the necessary information. (Decker Affidavit at 2). The board should have contained an EEO poster informing employees of their rights regarding employment discrimination and specifically indicating the time requirements. In spite of Decker's failure to find the information, there is evidence that the poster was on the board, based on testimony that the information was routinely posted as it came in, and testimony by an employee hired the same day as Decker that she routinely read the bulletin board and knew how to file a discrimination charge within two months after she was hired. (Testimony of Postmaster Harry Boaz, Pam England).

During the thirty days after his discharge Decker continued his efforts to ascertain the proper procedures for filing his claim. For example, he sent letters to several local post offices, the Kentucky Human Rights Commission and the local Veterans Service Office, as well as to other offices and officials. (Decker Affidavit, Testimony of Joseph Decker). He also wrote to the Veterans Administration in Washington and the Postmaster General of the United States, William Bolger. (Decker Affidavit, Ptf.Exb. # 2a, 3). In spite of numerous inquiries Decker did not obtain the necessary information for pursuing his claims. (Decker Affidavit at 2–5, Ptf.Exb. # 2b, 3).

Decker continued to seek the needed information even after the thirty-day period immediately following his discharge had expired. (Decker Affidavit, Ptf.Exb. # 8). His efforts ultimately led him to contact Mr. John Helem of Chicago, Illinois, in January of 1981. (Decker Affidavit at 5). He explained his situation to Helem and was informed that a charge of discrimination had to be brought within thirty days after the act complained of. (Decker Affidavit at 5). According to Decker, Helem also told him not to worry about the time requirement. (Decker Affidavit at 5). Decker followed his phone conversation with Helem with a brief letter to Helem. (Ptf.Exb. # 6). During their phone conversation, Helem also asked Decker to contact Edward McClellan, an EEO official in Chicago. (Decker Affidavit at 5). Decker did contact McClellan and received a response dated February 10, 1981. (Ptf.Exb. # 7). That response described the criteria for filing a discrimination claim and referred Decker to an EEO counselor in Louisville, Kentucky—Mr. John D. Clark. (Ptf.Exb.

---

1. In reaching its decision the court considered the entire record, including the testimony and other evidence presented at the evidentiary hearing conducted on March 1, 1984.

# 7). Decker contacted Clark and Clark assisted him in filling out a complaint. (Decker Affidavit at 6).

After speaking with Clark, Decker was contacted by Anthony Bennett, an EEO counselor. (Decker Affidavit at 6). Bennett investigated Decker's complaints, but could not resolve the problem. (Ptf.Exb. # 21). He advised Decker of his right to file a formal complaint. (Ptf.Exb. # 21). Decker filed a formal complaint on April 15, 1981; however, it was rejected as untimely and non-purview. (Ptf.Exb. # 22). Decker appealed the rejection to the Equal Employment Opportunity Commission, but the appeal was unsuccessful. (Ptf.Exb. # 28). The EEOC upheld the rejection based upon the finding of untimeliness and chose not to reach the purview issue. (Ptf. Exb. # 28).

## DISCUSSION

In order to properly present a claim of discrimination, a claimant must bring his claim to the attention of an EEO counselor within thirty days after occurrence of the alleged discrimination. 29 C.F.R. § 1613.-214(a)(i). As already stated, the question in this case is whether Decker met this requirement or whether he should be excused from complying with the requirement. Decker presents three arguments in support of his contention that his complaint should be deemed timely.

■ First, Decker argues that because he wrote to Postmaster General Bolger within the required thirty days, and because Bolger is ultimately responsible for all postal employees, including those in the postal EEO, his complaint was sufficiently brought to the attention of the EEO. Decker offers no cases to support this novel theory. The court concludes that Decker's letter to Bolger was not sufficient to bring the matter "to the attention of the Equal Employment Opportunity Counselor" as required by 29 C.F.R. § 1613.-214(a)(i).

Second, Decker contends that his failure to contact an EEO counselor within thirty days should be excused because he was not made aware of the time requirements. He relies upon an express exception in the regulations stating:

> The agency shall extend the time limits in this section: (i) When the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or (ii) for other reasons considered sufficient by the agency.

29 C.F.R. § 1613.214(a)(4). In response to Decker's argument, defendant contends that the time requirements were posted on the post office bulletin board and that this was sufficient to notify Decker of the requirements and to deprive Decker of any entitlement to the extension contained in 29 C.F.R. § 1613.214(a)(4).

■ Initially, the court concludes that Decker was subjectively ignorant of the time requirements. This conclusion is based on Decker's own testimony as bolstered by his demonstrated efforts to present his claim. In other words, Decker's extensive efforts to discover the proper procedures for bringing his claim go against finding that he knew of the time requirements and merely failed to comply with those requirements. It is unlikely that someone as intent to present a claim as Decker would simply ignore the proper procedures if he was aware of them. Subjective ignorance alone, however, does not *automatically* entitle Decker to the exception in 29 C.F.R. § 1613.214(a)(4). *Myles v. Schlesinger*, 436 F.Supp. 8, 16–17 (E.D.Pa. 1976). Instead, the court concludes that subjective ignorance must be viewed against the notification that was provided concerning the time requirements. *See generally Myles*, 436 F.Supp. at 16–17. The only evidence of notification offered to this court was testimony that an EEO informational poster was routinely kept on the employee bulletin board. The court accepts that the poster was on the board during Decker's employment; however, this is not conclusive on the issue of Decker's entitlement to the extension in 29

C.F.R. § 1613.214(a)(4). *See Myles*, 436 F.Supp. at 16–17. *See generally Ettinger v. Johnson*, 556 F.2d 692, 698 (3d Cr.1977). *But see Golden v. United States Postal Service*, No. 83–07–Civ.–J–12 (M.D.Fla. Nov. 18, 1983). In the light of Decker's subjective ignorance and defendant's attempted notification by the use of the bulletin board poster, the question becomes whether the bulletin board poster notice was "reasonably geared" to inform Decker of the time requirements. *Myles*, 436 F.Supp. at 17. *See generally Ettinger*, 556 F.2d at 698.

■ The evidence demonstrated that the only notice provided to Decker was a single poster inconspicuously placed upon a bulletin board containing numerous other items. There was no evidence before this court that Decker was informed of his rights in any other manner or that he was informed that his rights were contained on the bulletin board. Based upon these specific circumstances, the court concludes that the notice provided to Decker was insufficient to inform him of the thirty-day requirement. *See Ettinger*, 556 F.2d at 698; *Myles*, 436 F.Supp. at 17–18. Therefore, Decker is entitled to the extension in 29 C.F.R. § 1613.214(a)(4).

Third, Decker also argues that the defendant should be estopped from asserting untimeliness as a defense. In light of the holding that Decker was entitled to the statutory extension, the court concludes that there is no reason to reach the estoppel issue.

■ Having concluded that Decker's complaint should be accepted as timely, the court further concludes that the best procedure is to remand this action back to the EEOC for consideration of Decker's claims. *See Bragg v. Reed*, 592 F.2d 1136, 1139 (10th Cir.1979).

IT IS ORDERED:

1. Decker is entitled to the exception contained in 29 C.F.R. § 1613.214(a)(4) and his complaint shall be accepted as timely.

2. This action is REMANDED to the Equal Employment Opportunity Commission for consideration of the claims presented.