**Jessie JOHNSON, Plaintiff–Appellant,**

**v.**

**Marvin T. RUNYON, Postmaster General and U.S. Postal Service, Defendants– Appellees.**

**No. 94–2072.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 26, 1994.

Decided Feb. 17, 1995.

**914**

Jeffrey B. Gilbert, Naomi A. Avendano (argued), Cynthia Janine Sadkin, Legal Assistance Foundation of Chicago, Chicago, IL, for plaintiff-appellant Jessie Johnson.

Charles E. Ex, Asst. U.S. Atty., Office of the U.S. Atty., Crim. Div., Chicago, IL (argued), for defendants-appellees Marvin T. Runyon, Postmaster General, U.S. Postal Service.

Before GOODWIN,[*] COFFEY and ROVNER, Circuit Judges.

COFFEY, Circuit Judge.

Jessie Johnson appeals from summary judgment granted in favor of the Postal Service. In this employment discrimination action, brought pursuant to sections 501 and 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794, the district court ruled that Johnson's failure to contact a Postal Service Equal Employment Opportunity ("EEO") counselor within forty-five days after the Postal Service rejected her application for employment barred her subsequent

discrimination action. *See* 29 C.F.R. § 1614.105(a)(1). The district court concluded that Johnson failed to establish any justification, either equitable or embodied in the regulations, for the tolling of the forty-five day limitations period. *See id.* at § 1614.105(a)(2). We reverse.

## I. FACTUAL BACKGROUND

In September 1992, Jessie Johnson applied for a "casual" (temporary) position as a mail handler at the South Suburban Division of the Postal Service in Bedford Park, Illinois. Johnson picked up an employment application at the service window in the public area of the South Suburban Post Office. Johnson subsequently returned to the South Suburban facility to provide a urine sample for a drug test.

After she submitted her employment application, Johnson attended an orientation session at the Fox Valley Post Office on October 7, 1992. At all relevant times during these months, both the South Suburban and Fox Valley facilities displayed EEO notices informing applicants of their rights regarding employment discrimination which specifically set forth the time requirements for contacting an EEO counselor regarding claims of discrimination in the workplace. South Suburban posted notices in its administrative and personnel offices, on the workroom floor and in the front lobby. At Fox Valley, notices were posted on bulletin boards near the employee entrance and in the personnel office. Johnson claims that she never saw any of these notices.

On or about November 2, 1992, Johnson received a letter from the Postal Service dated October 29, 1992, informing her that she would not be hired for the position at South Suburban. The letter advised Johnson that she did not meet the requirements for a temporary position because of a "medical risk restriction." The letter stated in pertinent part, "[c]asual applicants are usually considered on the basis of *no risk restric-*

---

[*] Honorable Alfred T. Goodwin, Judge of the United States Court of Appeals for the Ninth Circuit, is sitting by designation.

*tions.*" (Emphasis in original.)[1] When Johnson received the letter, she did not know what the medical problem was which led the Postal Service to reject her application. Therefore, on November 7, 1992, she wrote a letter to the Postal Service to obtain more information about her medical results. Johnson received no response to her letter, much less to her six telephone calls to the South Suburban facility. Meanwhile, Johnson began work at the O'Hare postal facility, in Rosemont, Illinois, from approximately December 4, 1992 through December 29, 1992, in a casual position as a mail handler. EEO notices similar to the ones posted at South Suburban and Fox Valley were displayed in several locations at the O'Hare facility, including in the administrative and personnel offices and on several employee bulletin boards on the workroom floor. The notices at O'Hare, however, incorrectly stated that the time limit in which to contact a Postal Service EEO counselor was 30 days, when in fact it was 45 days.[2]

Several weeks later, one of Johnson's friends advised her that she might have a handicap discrimination claim against the Postal Service for its failure to hire her at the South Suburban office. Acting *pro se*, Johnson attempted to file a charge at the Illinois Department of Human Rights, but the agency referred her to the Equal Employment Opportunity Commission ("EEOC"). When Johnson tried to file a charge with the EEOC, she was advised that she must first consult with the Postal Service's EEO counselor. On March 1, 1993, Johnson filed a request for EEO counseling at the South Suburban office. Three months later, on June 8, 1993, the Postal Service's EEO counselor conducted an initial interview with Johnson. She received a letter from the EEO counselor dated June 21, 1993, informing her that she had been denied the casual position at South Suburban because she suffered from the medical risk restriction of hypertension.

After receiving the June 21, 1993 letter, Johnson filed a formal complaint of handicap discrimination with the Postal Service, alleging that she was denied the casual position because she suffered from hypertension. On August 6, 1993, Johnson received a final agency decision from the Great Lakes Office of Equal Opportunity Compliance rejecting her complaint as untimely because she failed to contact an EEO counselor within 45 days from the date of the receipt of the October 29, 1992 letter, *see* 29 C.F.R. § 1614.105(a)(1),[3] and also because she failed to demonstrate that she was entitled to an extension of the time limit under 29 C.F.R. § 1614.105(a)(2).[4] On August 30, 1993, Johnson filed a timely appeal with the EEOC Office of Federal Operations which affirmed the agency's decision on November 24, 1993. The Director of the Office of Federal Operations observed that Johnson "should have reasonably suspected discrimination ... when she received the letter on October 29, 1992, informing her that the agency considered her to have a risk restriction."

Johnson then filed this action in the district court pursuant to sections 501 and 504 of the Rehabilitation Act of 1973 ("the Act"), as amended, 29 U.S.C. §§ 791 and 794, claim-

1. The letter made no mention of any right to file a discrimination charge or the time limit for doing so.

2. Effective October 1, 1992, Part 1614 of 29 C.F.R. superseded Part 1613. The amended regulations increased the time for contacting an EEO counselor from 30 to 45 days. These posters reflected the old time limit.

3. 29 C.F.R. § 1614.105(a)(1) provides that "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."

4. 29 C.F.R. § 1614.105(a)(2) provides that:

The agency or the [Equal Employment Opportunity] Commission shall extend the 45–day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been [sic] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

ing that she was the victim of unlawful handicap discrimination because she was denied a job at the South Suburban postal facility due to her hypertension. The Postal Service filed a motion to dismiss, or alternatively, for summary judgment, contending that Johnson's claim was not timely because she had not contacted the Postal Service's EEO counselor within 45 days of the alleged discriminatory conduct as required by 29 C.F.R. § 1614.105(a)(1).

While Johnson conceded that the 45 day limitations period applied to her claim under section 501 of the Act, she argued that she met each of the four independent criteria for an extension of the time limit under 29 C.F.R. § 1614.105(a)(2), as well as the common law criteria for equitable tolling or estoppel. Specifically, Johnson argued that: (1) she was not notified or otherwise aware of the time limit for contacting the EEO counselor because she did not see any EEO notices at the South Suburban, Fox Valley, or O'Hare postal facilities; (2) she had no reason to believe she had been discriminated against based on physical handicap until she received the June 21, 1993 letter from her EEO counselor informing her that she had been denied the casual position at South Suburban based on the medical risk restriction of hypertension; (3) that despite due diligence in contacting the Postal Service for additional information concerning her medical risk restriction, the agency failed to respond in a timely manner, preventing her from contacting the counselor within the time limit; and (4) that these and other factors, namely that she acted *pro se* in pursuing her administrative remedies and that the Postal Service did not show that it was prejudiced by her delay in filing, supported an extension of the 45 day time limit. Additionally, Johnson argued that section 504 of the Act creates a private right of action against the Postal Service to which the 45 day limitations period does not apply.

The district court held that Johnson's action was untimely because she failed to contact an EEO counselor within 45 days of learning that she had been denied employment at the South Suburban office. Moreover, the court rejected Johnson's argument that the limitations period should have been tolled. The district court held that the posting of the EEO notices at the Postal Service locations where Johnson had pursued her application for postal work and was actually employed in the fall and winter of 1992 met the notice requirement of 29 C.F.R. § 1614.105(a)(2). Further, the court found that the EEO notices were "prominently displayed" in accessible areas of those postal facilities, and Johnson's apparent failure to see those posters did not create a genuine issue of any material fact. The district court also rejected Johnson's claim that she had no reason to believe that she had been discriminated against because the letter she received on November 2, 1992 did not tell her the specific medical basis for her rejection. The court found that on November 2, Johnson "had sufficient information to bring a claim after reviewing the rejection letter...." Furthermore, the Postal Service was not estopped from relying on the time-bar defense because it "did nothing to stand in the way of Johnson's filing a discrimination claim, nor has any evidence been proffered to show that the Postal Service actively misled her."

Lastly, the court questioned the legal premise of Johnson's section 504 claim, stating that the "overwhelming authority suggests that the federal government cannot be sued under § 504...." The court went on to hold that even if a section 504 claim was cognizable, it would still be subject to the same requirement that the plaintiff exhaust administrative remedies as a section 501 claim, including the 45 day time limit for contacting an EEO counselor.

## II. ISSUE

 Johnson's appeal raises the following issue: (1) whether Johnson established grounds for the tolling of the 45 day limitations period under 29 C.F.R. § 1614.105(a)(2).[5]

**5.** In their briefs, both parties raise and argue the issues of (1) whether the statute of limitations should be equitably tolled for Johnson; and (2) whether § 504 of the Rehabilitation Act authorizes claims against federal agencies for employment discrimination based on handicaps. Nei-

## III. DISCUSSION

■ We review the district court's grant of summary judgment *de novo*, drawing all reasonable inferences from the record in the light most favorable to the non-moving party. *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir.1994); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–20, 91 L.Ed.2d 202 (1986). Summary judgment is proper only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "The non-moving party cannot rest on the pleadings alone, but must identify specific facts to establish that there is a genuine triable issue." *Donovan*, 17 F.3d at 947. "Unless we find evidence sufficient to sustain a jury verdict in favor of the non-moving party, we will affirm the grant of summary judgment." *Id.*

■ An individual who believes that he or she has an employment discrimination claim against the Postal Service must initiate contact with a Postal Service employment counsellor within 45 days of the alleged discriminatory action. 29 C.F.R. § 1614.105(a)(1). This deadline is construed as a statute of limitations and not as a jurisdictional prerequisite. *Rennie v. Garrett*, 896 F.2d 1057, 1062–63 (7th Cir.1990). The Postal Service contends that Johnson's suit is barred because she failed to initiate contact with an EEO counselor within 45 days of her November 2, 1992 receipt of the letter informing her that she would not be hired because she was found to have a medical risk restriction.

■ The regulation, however, allows the extension of the 45 day time limit

> when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have ... known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the [EEOC].

29 C.F.R. § 1614.105(a)(2). Johnson contends that she meets each of the four independent criteria for tolling of the limitations period under 29 C.F.R. § 1614.105(a)(2). Our analysis must be governed by the principle that the Rehabilitation Act is remedial legislation that must be construed liberally to effectuate its purposes. *See Philbin v. General Electric Capital Auto Lease, Inc.*, 929 F.2d 321, 323 (7th Cir.1991). Similarly, "[t]he [45] day statute of limitations is not reasonable if agencies and courts do not liberally construe the [ (a)(2) ] exceptions." *Myles v. Schlesinger*, 436 F.Supp. 8, 18 (E.D.Pa.1976).

### A. Adequacy of the Posted Notices

Johnson's first argument is that her failure to contact the EEO counselor within 45 days should be excused because she was not made

---

ther party, however, raised these issues during oral argument. Because we hold that Johnson does meet the tolling requirements of 29 C.F.R. § 1614.105(a)(2), we need not reach either of these issues to decide the case before us.

We do note, however, that we agree with Seventh Circuit precedent that it is doubtful that "§ 504 applies to employment discrimination suits against federal agencies." *McWright v. Alexander*, 982 F.2d 222, 225 (7th Cir.1992); *Overton v. Reilly*, 977 F.2d 1190, 1193 (7th Cir.1992); *McGuinness v. United States Postal Serv.*, 744 F.2d 1318, 1321 (7th Cir.1984) ("[I]t is unlikely that Congress, having specifically addressed employment of the handicapped by federal agencies ... in section 501, would have done so again a few sections later in section 504.").

Furthermore, Johnson wants to bring a § 504 claim because she believes that it is not subject to the same requirements of administrative exhaustion that § 501 claims are. She is incorrect for in *McGuinness* we held that because Congress "in section 505(a)(1) ... created a judicial remedy identical to Title VII for federal discrimination against the handicapped, we ... cannot believe that ... Congress would have wanted us to interpret the Act as allowing the handicapped—alone among federal employees or job applicants complaining of discrimination—to bypass the administrative remedies in Title VII." 744 F.2d at 1322.

aware of the time requirements. She relies upon the express exception in the regulation stating that the time limit "*shall*" be extended "when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them...." 29 C.F.R. § 1614.105(a)(2) (emphasis added). In her affidavit in opposition to the Postal Service's motion for summary judgment, Johnson testified that the first time she became aware that she had to contact the Postal Service's EEO counselor was when she went to the EEOC in the spring of 1993 to file a charge.[6] Once told, she notified the EEO counselor soon thereafter, on March 1, 1993.

In response to Johnson's argument, the Postal Service contends that EEO notices were "prominently displayed" in accessible areas of the postal facilities where Johnson both applied for postal work and was employed in the fall and winter of 1992. The Service argues that the notices were sufficient to provide constructive notice to Johnson of the deadlines and requirements, and that Johnson's apparent failure to see those posters did not create a factual dispute sufficient to overcome the Postal Service's evidence of proper posting. The Service maintains that Johnson must affirmatively plead that no notices were posted in order to be entitled to tolling and that her complaint merely alleged that she never saw the notices.

The district court relied upon the holding in *Montgomery v. Frank*, 796 F.Supp. 1062, 1066–67 (E.D.Mich.1992), in which the court held that a claimant under the Rehabilitation Act who "fails to contact a postal EEO counselor within [45] days of the incident and who is employed at a facility where the requisite EEO posters are posted will be considered on constructive notice of the time limitations." The district court's reliance on a strict theory of constructive notice is flawed.

We hold that the true inquiry is two-fold. A court must not only consider if notification of the time requirements was provided, but if it was also "reasonably geared to inform the complainant of the time limits before the complainant is estopped from asserting ignorance as an excuse for late filing." *Myles*, 436 F.Supp. at 17.[7] "The presence or absence of posted notices does not, standing alone, determine whether the limitations period should be tolled." *Cano v. United States Postal Serv.*, 755 F.2d 221, 222–23 (1st Cir.1985); *see also DesRoches v. United States Postal Serv.*, 631 F.Supp. 1375, 1381 (D.N.H.1986) ("While it is undisputed that EEO notices were posted in the [relevant] Post Offices at the time of plaintiff's employment, there remains a question as to whether these notices were posted in a conspicuous location for viewing by postal employees"); *Decker v. United States Postal Serv.*, 603 F.Supp. 503, 506 (W.D.Ky.1984) ("the question becomes whether the bulletin board poster notice was 'reasonably geared' to inform Decker of the time requirements").

In this case, our inquiry must focus on whether the notification of time requirements was reasonably geared to inform applicants and temporary employees of their rights under the Rehabilitation Act. Johnson's extensive efforts to discover the proper procedures for bringing her claim certainly support her statement that she did not know about the 45 day filing requirement. It is unlikely that someone as intent to present a claim as Johnson was would simply ignore the proper procedures if she were aware of them. Johnson's interpretation of the tolling provision is somewhat flawed, however, for subjective ignorance alone does not automatically entitle her to the exception in 29 C.F.R. § 1614.105(a)(2). *Myles*, 436 F.Supp. at 16–17.

The only evidence of notification offered to this court is testimony from postal employees

---

6. Johnson is unsure of the exact date on which she visited the EEOC.

7. Johnson argues that this court's ruling in *Kontos v. United States Dep't of Labor*, 826 F.2d 573 (7th Cir.1987), mandates that an objective, "prudent person" standard should not be used to determine whether she was given proper notice. In so stating, however, Johnson misconstrues the holding in that case. In *Kontos*, the record clearly established that no notices were posted. Thus, in determining whether to toll the limitations period, this court focused on whether the plaintiff was "otherwise aware" of the time limits, and declined to use an objective test in that analysis. *Id.* at 577.

that EEO informational posters were displayed on bulletin boards in the South Suburban facility, where Johnson picked up a job application and submitted to a drug test, in the Fox Valley facility, where Johnson attended an orientation session, and in the O'Hare facility, where she eventually was employed. The Postal Service contends that these posters gave Johnson sufficient constructive notice of the time limit to prevent tolling. Yet Johnson's exposure to the EEO bulletins posted at those facilities was extremely limited.

With respect to the South Suburban office, the Postal Service states that EEO notices were posted in administrative and personnel offices, on the workroom floor, and in the front lobby of the facility. Johnson, however, never worked at South Suburban, but rather, only applied for a job there. In her affidavit, Johnson explained that she picked up an employment application at the service window in the front lobby of the South Suburban office in September, 1992, and stated that she never saw notices posted regarding discrimination complaint procedures. When Johnson returned to the South Suburban facility to provide a urine sample for a drug test, she went directly to a room with a nurse, provided the sample, and left. Johnson stated that she did not go to the personnel office or to any of the work areas at South Suburban.

▮▮▮▮ The analysis of whether notices were "reasonably geared" to inform applicants of their rights must take into account the fact that applicants, by definition, have not yet been subjected to the possibility of employment discrimination. When they enter a facility to secure an employment application, the last thing on their minds is what recourse, if any, they might have if the Service illegally discriminates in hiring; their immediate concern is with where and how to obtain an application and how to fill it out properly. Therefore, it is unlikely that an applicant will even think to read or observe such notices even if they are posted in the front lobby. The other locations in South Suburban were all in areas only employees would frequent. None of the locations where the notices were posted at South Suburban

were "reasonably geared" to inform applicants of EEO time limits.

▮▮▮▮ The Postal Service contends that it posted EEO notices near the employee entrance and in the personnel office in the Fox Valley Facility. Johnson testified that she visited the Fox Valley location for one orientation session, and she was never in its personnel office. We have serious doubts as to whether posting a notice near a door in a location that an applicant visits on just one occasion could ever be "reasonably geared" to give that applicant constructive notice of the time limits. Moreover, Johnson's time in the Fox Valley office was an especially fleeting opportunity to view the notice because she had arrived late for the meeting and was in a hurry. Therefore, we hold that Johnson did not receive constructive notice of the limitations period at the Fox Valley facility.

The district court found, however, that "[e]ven if Johnson reasonably failed to receive notice of the time limit because she did not see posters at the South Suburban or Fox Valley facilities during her application process, Johnson received constructive notice when she *worked* at the O'Hare facility." (Emphasis in original), 858 F.Supp. 747.

▮▮▮▮ We point out that Johnson only worked at the O'Hare office for about one month, and though she started there before the 45–day time limit expired, she came more than 30 days after the Postal Service had rejected her application to work at the South Suburban office because of a "risk restriction." Johnson thus had very little time to equate the notice at O'Hare with her own right to file a handicap discrimination claim regarding her rejection at South Suburban. More importantly, the notices at O'Hare erroneously stated that she had only 30, not 45 days to contact the EEO officer. *See, e.g., Myles,* 436 F.Supp. at 17–18 (despite posting of bulletins, the court extended the time limit because the bulletin board was "cluttered with numerous postings," the relevant poster "had very small print and was obsolete, inaccurately stating that the time period for filing a complaint was 15 days," and "there was no evidence presented that [the defendant] indoctrinated ... the plaintiffs regarding the

EEO program"). Consequently, even if Johnson had viewed these notices and believed they were applicable to her as a temporary employee, she would have mistakenly believed that her claim was time barred. We conclude that such inaccurate deadline information was not "reasonably geared" to notify a temporary employee like Johnson of the limitations period, and that at no time during Johnson's application process and tenure with the Postal Service did she receive constructive notice of her rights under the Rehabilitation Act or the proper procedure by which she could pursue a claim.

### B. *Johnson's Discovery of her Discrimination Claim*

■ Johnson's next contention is that her failure to contact the EEO counselor within 45 days should be excused because she did not realize that she had been discriminated against until June 21, 1993. The controlling regulation provides for a mandatory extension of the 45 day limit "when the individual shows that ... he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred...." 29 C.F.R. § 1614.105(a)(2). The time limit is extended until " 'facts that would support a charge of discrimination ... were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff.' " *Wolfolk v. Rivera,* 729 F.2d 1114, 1117 (7th Cir.1984) (quoting *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 931 (5th Cir.1975)).

Johnson claims that she had no reason to believe that she had been discriminated against by the South Suburban Division of the Postal Service at the time she received her rejection letter on November 2, 1992 because the letter rejecting her employment application did not specify her medical risk restriction. When Johnson wrote to the Postal Service on November 7, 1992, she requested further information concerning her medical results. After getting no response to her written inquiry, she followed up with six separate telephone calls on different dates, all of which were also ignored. The Postal Service gave no response whatsoever

to Johnson's inquiries until June 21, 1993, when the EEO counselor finally advised her that she had been rejected because of hypertension.

Section 501 prohibits discrimination only against individuals who "can perform the essential functions of the position in question." 29 C.F.R. § 1614.203(a)(6). Johnson correctly argues that she needed to know what *specific* medical risk she had before she could determine whether she would have been able to perform the essential functions of the temporary position, and thus, had grounds for a discrimination claim. While Johnson concedes that her claim *accrued* at the time she received her rejection letter on November 2, 1992, *see Delaware State College v. Ricks,* 444 U.S. 1070, 100 S.Ct. 1012, 62 L.Ed.2d 751 (1980), she maintains that the limitations period was tolled even after that date, because she needed additional time until the medical " 'facts that would support a charge of discrimination ... were apparent.' " *Wolfolk,* 729 F.2d at 1117 (quoting *Reeb,* 516 F.2d at 931).

The Postal Service responds that in order to decide whether the rejection of her application was due to wrong-doing, Johnson did not have to be certain that a discriminatory action occurred, but rather, she only had to suspect that it was possible. *See McClinton v. Alabama By–Products Corp.,* 743 F.2d 1483, 1486 (11th Cir.1984) (once an alleged victim knows of an employer's acts, and is generally aware of his legal rights, "he possesses sufficient knowledge to enable himself to vindicate his rights"); *Myles,* 436 F.Supp. at 16 n. 9 (using "something like [a] 'reasonable suspicion' " standard, the court held complainants are not "entitled to waivers of the filing requirement merely because they are 'not sure' that they have been discriminated against"). The Postal Service argues that the October 29, 1992 letter denying her employment based on a medical risk restriction should at least have led Johnson to suspect a possible violation, and to contact the EEO counselor at the Postal Service. The Postal Service further attempts to bolster its argument pointing out that Johnson's friend was immediately suspicious and

thought that she might possibly have had a discrimination claim.

The district court upheld the Postal Service's argument stating that "Johnson's argument is circular since she had already initiated contact with the EEO counselor in late June 1993 when she found out the medical risk restriction was hypertension." Johnson argues that the district court's ruling puts plaintiffs in the untenable position of either having to file discrimination charges before they can obtain the information necessary to decide whether the injury is due to the defendant's wrongdoing, or making them wait to obtain such information until they no longer can file a timely charge.

■ We agree and note that we have already held that the fact that a plaintiff initiates EEO counseling before she discovers the full factual basis for her discrimination claim is "immaterial." *Wolfolk*, 729 F.2d at 1118. The relevant inquiry is whether Johnson "filed [her] discrimination complaint with the appropriate agency within [45] days of the time [she] first learned [of the discriminatory actions]." *Id.* To hold otherwise would inundate the postal authorities by encouraging the filing of frivolous claims as plaintiffs would be forced to choose between forfeiting their right to a discrimination claim or bringing suit before they are properly or adequately apprised of the factual basis of their claim. Another unfortunate result of the district court's holding is that employers who violate anti-discrimination statutes would be able to immunize themselves from suit by providing their victims with only the type of calculatingly vague information that the Postal Service gave Johnson, and then stonewalling them until the limitations period has passed. We refuse to condone such stonewalling on the part of an agency and therefore we hold that Johnson neither knew nor reasonably should have known about the discriminatory action until June 21, 1993 when the EEO counselor finally told her that she was denied the position at South Suburban because of hypertension.

### C. Impediments to Johnson's Contact of the EEO Counsellor

Johnson also argues that her failure to contact the EEO counselor within 45 days should be excused because "despite due diligence ... [Johnson] was prevented by circumstances beyond ... her control from contacting the counselor within the time limits." 29 C.F.R. § 1614.105(a)(2). She submits that by writing and calling the Postal Service, and then attempting to file a charge at the Illinois Department of Human Rights and the EEOC, she exercised due diligence in pursuit of her claim. The district judge characterized her case as "at best a garden variety claim of excusable neglect."

■ For reasons similar to those set forth above, we hold that Johnson falls within this exception of 29 C.F.R. § 1614.105(a)(2). As in *Wolfolk*, the plaintiff's "lack of knowledge of facts which would support a discrimination claim clearly constitut[ed] 'circumstances beyond [her] control'" which prevented her from filing her charge with an EEO counselor within 45 days from the receipt of the November, 1992 letter. 729 F.2d at 1117. The circumstances were particularly beyond her control because the nature of her "medical risk" was "'peculiarly within the knowledge of the employer.'" *Id.* at 1118 (citations omitted). The Postal Service's failure to disclose the nature of Johnson's medical risk restriction, the essential fact that would support her discrimination claim, was inexcusable, and clearly constituted "circumstances beyond her control" which prevented her from submitting the matter to the EEO counselor in a timely manner.

### D. The "Catch–All" Tolling Provision

Finally, Johnson argues that the 45 day period tolls "for other reasons considered sufficient by the agency or the [EEOC]." 29 C.F.R. § 1614.105(a)(2). She contends that the combination of factors that support tolling in this case also make this criterion applicable, even if none of the other criteria alone compels tolling. Johnson asserts that the fact she acted *pro se* in pursuing her administrative remedies, that she had no actual notice of the deadlines, that she diligently attempted to find out what the "medical risk" was, and that the Postal Service did not show that it was prejudiced by her delay in filing,

are sufficient reasons for application of this provision.

The Postal Service argues, however, that the fact Johnson acted *pro se* on the administrative level is only of significance in determining whether she was "otherwise aware of the time limits." *See, e.g., Cano,* 755 F.2d at 222–23 (1st Cir.1985) (the defendant's failure to post notices did not toll limitations period because the court determined that the plaintiff had constructive notice of the time limits by consulting an attorney). Furthermore, it contends that the lack of prejudice resulting from Johnson's failure to comply with the time limit is, at most, incidental to the court's determination on tolling. *See Reeb,* 516 F.2d at 930. In light of our determination that Johnson is clearly entitled to tolling of the limitations period under three of the exceptions listed in 29 C.F.R. § 1614.105(a)(2), it is unnecessary for us to discuss this issue at length except to note that the Postal Service's arguments as to why some or all of these factors, taken together, would not compel extension of the 45 day limit, are not persuasive for all the reasons discussed above.

Accordingly, the judgment of the district court is REVERSED.