Graham E. THOMPSON,
Plaintiff–Appellant,

v.

Thomas E. WHITE, Jr., Secretary,
Department of the Army,
Defendant–Appellee.

No. 02–3891.

United States Court of Appeals,
Seventh Circuit.

Argued April 23, 2003.

Decided May 22, 2003.

Before BAUER, MANION, and DIANE P. WOOD, Circuit Judges.

## ORDER

Graham Thompson's employment with the Army Corps of Engineers ended under ambiguous circumstances in 1991, and thereafter he was rejected from every other position he sought with the federal government. He filed this suit in January 2001 alleging that the Army had "black-balled" him from employment with the federal government in retaliation for his "earlier complaints against the Army." The district court granted summary judgment for the Secretary of the Army, concluding that Thompson's claim was barred because he had not contacted an Equal Employment Opportunity counselor within 45 days of any allegedly retaliatory acts by the Army, a step that federal employees must complete before filing a discrimination suit against the federal government. 29 C.F.R. § 1614.105(a)(1). We affirm.

Thompson worked in various capacities for the Army for 30 years; his last position was chief of the Equal Employment Opportunity office. In 1991 the Army fired him based on allegations that he had falsified travel vouchers. Thompson filed a Title VII action in federal court alleging that the termination was the result of discrimination and retaliation. The Army settled with Thompson, agreeing to amend his records to reflect a voluntary resignation. In the ensuing years Thompson sought employment with various federal agencies but was unsuccessful. He claims that he was qualified for the positions he sought but was rejected for no good reason. He suspects that the Army either gave him negative references or failed to

purge his record of allegations of travel fraud.

Thompson says that he attempted to collect retirement benefits, but on December 13, 1996, his request for benefits was denied because he was not an active employee of the federal government. He never challenged that denial of benefits itself. Instead, on January 13, 1997, Thompson contacted an EEO counselor to say that he believed that the Army had been subjecting him to retaliation ever since he lost his job with the Army Corps. Thompson filed a formal administrative complaint with the Army, but the Army dismissed it, concluding that his claim was time-barred because he had failed to contact an EEO counselor within 45 days of any allegedly retaliatory acts. The EEOC upheld the Army's decision.

Thompson then filed this suit alleging that his inability to obtain federal employment after 1991 was the result of retaliation by the Army. The district court granted summary judgment in favor of the Army, concluding that Thompson's claim was barred because he had not filed a timely complaint with an EEO counselor.

On appeal Thompson reasserts that his January 1997 complaint to the EEO counselor was timely because he presented it within 45 days of the date when he realized that the Army had been retaliating against him. According to 29 C.F.R. § 1614.105(a)(1), federal employees must contact an EEO counselor within 45 days of allegedly discriminatory acts if they want to challenge the discrimination. *See also Clark v. Runyon,* 116 F.3d 275, 276 (7th Cir.1997). The regulation has a tolling provision; the 45–day period is tolled if the employee "did not know and reasonably should not have been [sic] known" about the discrimination. 29 C.F.R. § 1614.105(a)(2). Thompson insists that the limitations period for challenging the Army's allegedly retaliatory employment references was tolled until December 13, 1996, the date when, he says, "his mind clicked" and he "pieced together his constant rejections for employment with the government's desire to withhold his retirement benefits and he realized that his past rejections had been orchestrated by the Army." He contends that he could not have realized the retaliation earlier because none of his prior job rejections had ever mentioned his previous work with the Army. He never explains, however, why the denial of retirement benefits is significant; nowhere does he specify the connection between the denial of benefits and his job rejections.

The district court rejected Thompson's tolling argument; according to the court, Thompson suspected before December 1996 that the Army was retaliating against him by giving him negative job references. The court noted, for instance, Thompson's deposition testimony in 2002 concerning a letter he wrote to the Railroad Retirement Board in 1995 soon after being turned down for a job. At the deposition, he acknowledged suspecting when he wrote the letter that he "was blackballed" and "discriminated against" and that "something was going on" that "was related to the Corps. of Engineers."

Thompson argues now that he made those statements at his deposition "only with the advantage of 20/20 hindsight and he later corrected the misunderstanding in his affidavit." He filed an affidavit with his response to the Army's motion for summary judgment reasserting that he never suspected any retaliation by the Army until he was denied retirement benefits in 1996. But a self-serving affidavit submitted at the summary judgment stage does not create a genuine issue for trial. *See Rogers v. City of Chicago,* 320 F.3d 748, 751 (7th Cir.2003). The district court did not err in relying on Thompson's deposition testimony to conclude that he sus-

pected retaliation by the Army more than a year before he contacted the EEO counselor in 1997.

Thompson relies heavily on *Johnson v. Runyon*, 47 F.3d 911 (7th Cir.1995), to argue that his delay in not discovering his claim until 1996 was reasonable. *Johnson* involved a plaintiff who did not contact her EEO counselor within 45 days of being denied employment because she did not learn within that time that the nonhire was potentially discriminatory. *Id.* at 915. The plaintiff did file a timely complaint after she actually discovered her employment discrimination claim. *See id.* The *Johnson* court considered whether her delay in discovering the claim was reasonable because the pertinent tolling provision is available only if the claimant reasonably should not have known about the discrimination claim earlier. *See id* at 921. The court concluded that her delay was reasonable because the letter denying her employment was unclear and because the employer had stonewalled her efforts during the limitations period to investigate the reason for the nonhire. *See id.* at 915, 920–21. In this case, there is no reason to consider whether Thompson reasonably *should have* discovered his claim with less delay because the district court correctly found that he actually *did* discover his claim earlier–at least as early as 1995.

Thompson also invokes the "continuing violation doctrine" to argue that he did not need to make a complaint to the EEO counselor until the Army's pattern of supplying negative employment references became evident in 1996. He argues that his January 1997 complaint to the EEO counselor allows him to sue for the entire pattern of retaliation that occurred in the several years preceding his complaint. He misunderstands the continuing violation doctrine. The doctrine links nondiscrete acts of discrimination that occurred outside of a limitations period with ones that

fall within the limitations period, based on the theory that when patterns of discrimination develop over the course of time, a person should not be expected to bring a suit until the pattern becomes apparent. *See Tinner v. United Ins. Co. of Am.*, 308 F.3d 697, 707 (7th Cir.2002). But Thompson has never identified any retaliatory acts that occurred within the limitations period. And even if he had identified some retaliatory acts in the "pattern" that occurred within the limitations period, the continuing violation doctrine does not apply to discrete acts of discrimination that can be pinpointed to a particular day. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 2073, 153 L.Ed.2d 106 (2002). Thompson could have sued for the allegedly retaliatory employment references when they occurred; he did not need to wait for a pattern of retaliation to unfold.

The judgment of the district court is AFFIRMED.