Jennifer L. GRAY, Plaintiff–Appellant,

v.

John E. POTTER, Postmaster General of the United States Postal Service, Defendant–Appellee.

No. 04–2711.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 26, 2004.*

Decided Oct. 26, 2004.

Rehearing En Banc Denied Dec. 17, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Jennifer L. Gray, Chicago, IL, pro se.

Thomas P. Walsh, Ann L. Wallace, Office of the United States Attorney, Chicago, IL, for Defendant–Appellee.

Before BAUER, WOOD, and WILLIAMS, Circuit Judges.

## ORDER

Jennifer Gray filed this lawsuit under the Rehabilitation Act and the Americans with Disabilities Act, claiming that the Postal Service discriminated against her by terminating her employment and then refusing to rehire her. The district court dismissed her claim under Fed.R.Civ.P. 12(b)(6), concluding that Gray had failed to exhaust administrative remedies by not timely contacting an EEO counselor before bringing suit. Gray appeals, and we affirm.

At the Postal Service, Gray was a "transitional employee" ("TE")—a non-career-track employee who could work no more than 359 days per year. In July 1997, during a previous term as a TE, she injured her left shoulder while working with heavy bundles of mail. This incident necessitated surgery in August 1997 to address "internal derangement" of her shoulder, and to repair her rotator cuff. Gray was rehired as a TE on December 5, 1997 for a term ending November 29, 1998, but, claiming that her shoulder injury had left her disabled, apparently stopped working (the record is unclear on this point) and sought compensation and medical benefits from the Department of Labor. She underwent shoulder surgery for a second time in March 1998, and subsequently received treatment for addiction to prescribed narcotic pain medications, withdrawal symptoms, and depression. Gray's term of employment expired in November 1998, and she was not rehired as a TE at that time.

In late 2001, Gray sought reinstatement with the Postal Service. She alleges that, although she understood the temporary nature of her appointment, she did not learn that her employment had ended until October 2001, three years after her TE status expired. (Gray now says it was November 2001, but this change is immaterial.) Gray alleges that she "immediately telephoned the Human Resource Department" of the Postal Service for more details and subsequently requested reinstatement by letter and in person at the Post Office. When this failed, she contacted an "arbitration advocate" with the American Postal Workers Union, who set up a meeting with a Postal Service official in January 2002. Gray attended this meeting, but was frustrated in the ensuing months by the official's failure to render a decision on her reinstatement.

Tired of waiting, Gray contacted an EEO counselor on June 21, 2002, complaining that the Postal Service had discriminated against her by allegedly refusing to allow her to take the postal examination and be reinstated. Upon the counselor's advice, the parties mediated their dispute in July 2002, but reached no agreement. On July 23, Gray filed a formal complaint with the Postal Service, but the complaint was rejected in a decision rendered in May 2003. Meanwhile, Gray underwent a third shoulder surgery in October 2002 and continued to battle depression. In June 2003, she filed this lawsuit, which

the Postal Service moved to dismiss based on Gray's failure to exhaust administrative remedies.

The district court granted the Postal Service's motion to dismiss under Fed. R.Civ.P. 12(b)(6), determining that Gray had failed to exhaust administrative remedies as required by 29 C.F.R. § 1614.107(a)(2). That provision references § 1614.105(a)(1), which directs a party complaining of discrimination to initiate contact with an EEO counselor within 45 days of the alleged discriminatory action. The district court construed the effective date of the discriminatory action as October 2001, giving Gray, a *pro se* litigant, the benefit of the doubt that she was unaware that her temporary job had ended in November 1998. Even with this generous assumption, Gray's contact with the EEO counselor still came over six months too late, and since Gray did not "provide[ ] sufficient reasons for an extension of the 45 day deadline," the district court dismissed her claim.

On appeal, Gray challenges the district court's conclusion that she untimely contacted the EEO counselor. She claims that she was unable to meet the 45–day limit because she was physically incapacitated from her shoulder injury and mentally disabled because of her addiction to narcotic painkillers and ensuing depression. Gray also argues for an exception to the time limit because she was busy pursuing reinstatement with the Postal Service informally, and moreover, did not know of the 45–day requirement.

We review the district court's grant of a motion to dismiss *de novo*, but only an abuse of discretion will prompt us to disturb the district court's decision not to extend the 45–day time limit on regulatory or equitable grounds. *Teemac v. Henderson,* 298 F.3d 452, 457 (5th Cir. 2002); *Clark v. Runyon,* 116 F.3d 275, 277 (7th Cir.1997). Like the district court, we will credit Gray's assertion that she did not learn of her termination until October or November 2001, because even on that assumption, her claim still fails.

An individual pressing an employment discrimination claim must initiate contact with an EEO counselor within 45 days of the alleged discriminatory action. *Johnson v. Runyon,* 47 F.3d 911, 917 (7th Cir. 1995); 29 C.F.R. § 1614.105(a)(1). This requirement is not jurisdictional, but rather is construed as a statute of limitations. *Johnson,* 47 F.3d at 917. Nevertheless, the requirement is not ironclad, as § 1614.105(a)(2) provides several bases for extending the 45–day limit, such as lack of notice to the plaintiff. In addition, the common law doctrines of equitable tolling and equitable estoppel can justify an exception to the 45–day rule in certain circumstances. *Johnson,* 47 F.3d at 916.

■ On appeal, Gray first argues that her failure to contact an EEO counselor within the 45–day limitations period stemmed from her mental and physical incapacity. Although Gray failed to raise this point in the district court, we relax our bar against considering new arguments on appeal when reviewing dismissals under Fed.R.Civ.P. 12(b)(6) so long as the new argument can be reconciled with the allegations of the complaint. *See Pernice v. City of Chicago,* 237 F.3d 783, 787 (7th Cir.2001); *Murphy v. Walker,* 51 F.3d 714, 718 n. 8 (7th Cir.1995); *Highsmith v. Chrysler Credit Corp.,* 18 F.3d 434, 439–40 (7th Cir.1994). Here, allegations of Gray's illnesses permeate her overall discrimination claim, as reflected in several filings in the district court, so we will consider the effect of her medical conditions on her failure to contact a counselor within the 45–day period.

A plaintiff whose mental or physical impairment prevents her from complying with the statute of limitations may invoke equitable tolling. *Zerilli–Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir.2003). Equitable tolling, however, is permitted only upon a strong showing that the medical condition *actually* prevented the complaining party from satisfying the limitations requirement. In *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir.1996), we held that mental illness tolls a statute of limitations only if it in fact prevents the sufferer from managing his affairs and thus from understanding and acting upon his legal rights. *See also Barrett v. Principi*, 363 F.3d 1316, 1321 (Fed.Cir.2004); *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C.Cir.1998). In the context of physical incapacity, we have held that an individual who was able to leave her house, visit the post office, and use the telephone was not so severely constrained that she could not contact an EEO counselor. *Clark*, 116 F.3d at 278–79; *see also Rager v. Dade Behring, Inc.*, 210 F.3d 776, 779 (7th Cir.2000). It is clear from the pleadings that Gray's mental and physical illnesses, however taxing, did not actually prevent her from pursuing her legal rights. Gray's aggressive quest for reinstatement late in 2001—which involved telephone calls, letter-writing, and in-person appointments—shows that she was mentally and physically capable of contacting a counselor. *See Barnhart v. United States*, 884 F.2d 295, 297, 299 (7th Cir.1989) (severely disabled individual's pursuit of a separate lawsuit during the missed limitations period confirmed that his illness did not prevent him from safeguarding his rights). Her medical conditions therefore do not warrant tolling the 45–day requirement of § 1614.105(a)(1).

■ Next, Gray argues that her tardiness in contacting an EEO counselor resulted from her informal efforts to convince the Postal Service to reinstate her as an employee. Although Gray does not develop this argument, she seems to raise a claim of equitable estoppel, which suspends the running of the statute of limitations during any period in which a defendant actively interferes with a plaintiff's attempt to sue. *See Lucas v. Chicago Transit Auth.*, 367 F.3d 714, 721 (7th Cir. 2004). This claim fails, however, for it is well established that "an employee cannot toll the limitations period by pursuing grievance proceedings" directly with the employer. *Williamson v. Ind. Univ.*, 345 F.3d 459, 463 (7th Cir.2003). Providing an opportunity for internal review "is not the sort of deception that supports equitable estoppel." *Lever v. Northwestern Univ.*, 979 F.2d 552, 556 (7th Cir.1992). Furthermore, nothing prevented Gray from attempting to resolve her complaint informally *and* contacting a counselor. *See id.*

■ Finally, Gray mentions in her brief that she was not aware of the 45–day deadline, and argues that lack of awareness is a basis for extending the limitations period under 29 C.F.R. § 1614.105(a)(2) ("The agency or the Commission shall extend the 45–day time limit ... when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them ...."). Yet Gray, who has sought informal EEO counseling in the past and therefore is presumably familiar with the process, does not dispute the Postal Service's administrative finding that notices describing the 45–day time limit had been posted at the Post Office branch where she worked. Gray nowhere argues that these posters were not "reasonably geared" to provide constructive notice of the 45–day requirement, *see Clark*, 116 F.3d at 277–78. Thus § 1614.105(a)(2) does not excuse her untimeliness in contacting an EEO counselor.

The district court's judgment dismissing Gray's claims is AFFIRMED.