

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2006

# Hatcher v. Potter

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5412

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hatcher v. Potter" (2006). *2006 Decisions.* Paper 558.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/558

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5412
_____

JAMES HATCHER,

Appellant

v.

JOHN E. POTTER, PMG

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-02130)
District Judge: Honorable Ronald L. Buckwalter
_____

Submitted Under Third Circuit LAR 34.1(a)
June 28, 2006

Before:  BARRY, CHAGARES and COWEN, <u>CIRCUIT JUDGES</u>.

(Filed:  August 23, 2006)

OPINION
_____

PER CURIAM

Based on the District Court's Findings of Fact and Conclusions of Law following a bench trial, judgment was entered in favor of Appellee. Appellant James F. Hatcher now appeals. For the reasons that follow, we will affirm.

On May 19, 2004, Appellant filed a complaint in the United States District Court for the Eastern District of Pennsylvania alleging gender- and disability-based discrimination by his employer, the United States Postal Service.[1] Appellant maintained that the alleged discriminatory acts occurred between June 20, 2002 and August 2, 2003. As required by the Equal Employment Opportunity Commission ("EEOC") regulations, he requested pre-complaint processing from the EEO counselor on September 22, 2003. This was fifty-one days after the last alleged incident of discrimination and therefore beyond the forty-five day time period provided for such a filing. See 29 C.F.R. § 1614.105. Hatcher's EEO complaint was dismissed pursuant to 29 C.F.R. § 1614.107(a)(2) for failure to timely contact an EEO counselor.

Following the EEOC's dismissal of his complaint, Appellant sought relief in federal court. Appellee filed a motion for summary judgment, arguing that Appellant had not exhausted his administrative remedies because he did not contact an EEO counselor

---

[1] Appellant later filed an amended complaint and a second amended complaint in which he added a claim of race-based discrimination. Despite his failure to request permission to file the second amended complaint, the District Court nonetheless considered it, concluding that to do so would not prejudice Appellee. Appellee does not challenge this decision on appeal.

within forty-five days of the alleged discriminatory acts. The District Court denied Appellee's motion based on Appellant's contention that he had not been provided with notice of the forty-five day time limit as required by 29 C.F.R. § 1614.102(b)(5).[2] The Court ordered a ninety-day period of limited discovery on the issue of notice.

Following the completion of discovery, the Court conducted a bench trial, however else it may have been denominated by the parties and the Court, with the parties clearly understanding that the Court would thereafter determine whether or not Appellant had received the requisite notice. Appellant was sworn in, questioned by the Court, and cross-examined by counsel for Appellee. Then Sharon Roby-Wilson, the former Manager of Customer Services at Logan Station Post Office during the time period when Appellant alleges he was discriminated against, testified, and Appellant cross-examined her. Appellant brought several photographs he had taken of the bulletin boards in the post office on November 8, 2004, approximately a year after the date of the last alleged discriminatory act. Appellant contended that the absence in these photographs of "Poster 72," a poster notifying federal employees of the time limit for filing an employment discrimination claim, gave rise to an inference that the poster was not posted during the

---

[2]    This subsection provides:

> In order to implement its program, each agency shall . . . [m]ake written materials available to all employees and applicants informing them of the variety of equal employment opportunity programs and administrative and judicial remedial procedures available to them and prominently post such written materials in all personnel and EEO offices and throughout the workplace.

time period in question. Appellant testified as to the content of the photographs and drew a diagram of the Logan Station Post Office in response to questions from the Court. Roby-Wilson was then questioned about the photographs and Appellant's diagram, and asked to indicate where in the post office the posters were located.[3] On cross-examination, Appellant questioned whether Poster 72 was ever posted at Logan Station Post Office, and if so, whether it was posted in areas commonly used by postal carriers such as himself.

During the course of the trial, Appellee stipulated to the fact that Appellant never received actual notice of the filing requirement. Given this stipulation, the parties' testimony and the District Court's findings focused on the issue of constructive notice. Based on Roby-Wilson's testimony, the Court found that Government Exhibits 3, 4, and 5, three standard EEO posters explaining how to file a complaint and how to present it, were posted during the relevant time period at the Logan Station Post Office, in areas in which post office employees such as Appellant worked, and by which they regularly passed. The Court further found that the content of the posters was reasonably geared to notify employees of the forty-five day limitations period, and therefore, that Appellant had constructive notice of the time limit.

Relying on two decisions from the Seventh Circuit Court of Appeals, the District Court concluded that: (i) the requisite posters were posted in areas accessible to the

---

[3]    According to the transcript, all of these items were admitted into evidence. However, they do not appear to have been made a part of the district court record.

complainant; and (ii) the posters were reasonably geared to inform the complainant of the time limits. See Clark v. Runyon, 116 F.3d 275, 277 (7th Cir. 1997); Johnson v. Runyon, 47 F.3d 911, 918 (7th Cir. 1995). Based on these conclusions, the Court determined that there was no basis on which to extend the time limitation as provided by 29 C.F.R. § 1614.105(a)(2).[4]

The District Court also refused to equitably toll the time period for contacting an EEO counselor based on Appellant's argument that health issues prevented him from asserting his rights in a timely manner. Given Appellant's representation that he had filed a worker's compensation application during the period in question, the Court determined that Appellant's health issues were not severe enough to prevent him from timely filing his discrimination claim. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994) (to justify the application of equitable tolling, plaintiff must have been prevented from asserting his rights in some extraordinary way).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's factual findings for clear error. Rode v. Dellarciprete, 892 F.2d 1177,

---

[4] This subsection provides:

> The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known (sic) that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

5

1182 (3d Cir. 1990). We review the District Court's refusal to equitably toll the time limit for abuse of discretion. Doherty v. Teamsters Pension Trust Fund of Philadelphia & Vicinity, 16 F.3d 1386, 1389 (3d Cir. 1994).

Based on the testimony and evidence provided at the bench trial, following a ninety-day period of discovery on the issue of notice, the District Court concluded that Appellant did have constructive notice of the 45-day filing requirement. In reaching this determination, the Court found that the posters contained sufficient information regarding the time period for filing an EEO complaint and were displayed in areas where postal employees such as Appellant worked and by which they regularly passed. This finding was not clearly erroneous. Nor did the District Court abuse its discretion in refusing to equitably toll the time period for filing a complaint, given that, by Appellant's own admission, he was able to file a worker's compensation claim during the time period in question.

Based on the foregoing, we will affirm the judgment of the District Court.[5]

---

[5] Appellant filed a motion to supplement the District Court record with Appellees' responses to interrogatories and requests for production of documents, United States Postal Service EEOC Handbook EL-603, and United States Postal Service Publication 133. Appellant's motion is denied. Appellant's motion to strike Appellee's reply brief as untimely is also denied.