William PAULING, Plaintiff–Appellant,

Michelle Gillyard and Anthony
Washington, Plaintiffs,

v.

SECRETARY OF THE DEPARTMENT
OF THE INTERIOR, Defendant–
Appellee.

Docket No. 97–6329.

United States Court of Appeals,
Second Circuit.

Argued Sept. 14, 1998.

Decided Nov. 13, 1998.

See also: 960 F.Supp. 793.

Lee F. Bantle, Beldock Levine & Hoffman
LLP, New York, NY, for Appellant.

Jennifer K. Brown, Assistant United
States Attorney for the Southern District of
New York (Mary Jo White, United States
Attorney, Steven M. Haber, Assistant United
States Attorney, of counsel), for Appellee.

Before: CABRANES and POOLER,
Circuit Judges, and TRAGER,* District
Judge.

JOSÉ A. CABRANES, Circuit Judge:

We here consider the circumstances under
which a former federal employee may main-
tain a discrimination suit against the agency
that employed him, despite failing to consult
an Equal Employment Opportunity ("EEO")
counselor within 45 days after the alleged act
of discrimination, as required by regulation.
*See* 29 C.F.R. § 1614.105(a)(1). William
Pauling, a former employee of the Depart-
ment of the Interior (the "Department" or
"government"), appeals from the October 31,
1997 judgment of the United States District
Court for the Southern District of New York
(Denise Cote, *Judge* ), incorporating rulings
that had granted the government's motion
for summary judgment and dismissed Paul-
ing's race discrimination suit, brought pursu-
ant to Title VII of the Civil Rights Act of
1964, 42 U.S.C. §§ 2000e *et seq.*

I.

Title VII plaintiffs must "exhaust available
administrative remedies in a timely fashion."
*Briones v. Runyon,* 101 F.3d 287, 289 (2d
Cir.1996). Under regulations promulgated
by the Equal Employment Opportunity Com-

* The Honorable David G. Trager, of the United
States District Court for the Eastern District of    New York, sitting by designation.

mission ("EEOC" or the "Commission"), applicable to employees of federal government agencies, *see* 29 C.F.R. § 1614.101 *et seq.*, an employee who believes he has been discriminated against "must consult a[n EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter," 29 C.F.R. § 1614.105(a). Specifically, the employee "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." *Id.* § 1614.105(a)(1). However, the agency is required to "extend the 45-day time limit ... when [*inter alia*] the individual shows that he or she was not notified of the time limits and was not otherwise aware of them." *Id.* § 1614.105(a)(2).[1]

Beginning in June 1990, Pauling worked for the National Park Service, an agency within the Department, as a utility systems repair operator stationed at the Statue of Liberty National Monument ("SLNM"). He was involved in an argument with a supervisor in November 1993, and never returned to work thereafter. Nearly two years later, in August 1995, he was formally dismissed. Pauling brought this action, claiming to have been subjected to racial discrimination at his place of employment in the period before his departure, between January 1992 and November 1993.

On October 30, 1996, the government moved to dismiss, pursuant to Fed.R.Civ.P. 12(b)(1) & (6), or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56(c). It argued, among other things, that Pauling had failed to timely exhaust his administrative remedies by "initiat[ing] con-

tact," 29 C.F.R. § 1614.105(a)(1), with an EEO counselor within 45 days after any act of discrimination. The district court concluded, in a careful and thoughtful opinion, that Pauling had "initiated contact" with an EEO counselor—Barry Moreno—only once,[2] *in April 1993, when Pauling complained about his supervisor Joe Codispoti. See Pauling v. Secretary of the Dep't of Interior,* 960 F.Supp. 793, 797, 803–04 (S.D.N.Y.1997). The court further determined that, following a slightly later meeting among Pauling, Codispoti, and Moreno, "the matter was resolved to Pauling's satisfaction, and [Pauling] informed Moreno that he did not wish to file a formal complaint." *Pauling v. Secretary of the Dep't of Interior,* No. 95 CIV. 8408 (DLC), 1997 WL 399839, *4 (S.D.N.Y. July 15, 1997). Though Pauling alleged that he had attempted to "reinitiate" contact through a formal letter written on March 28, 1994, the court ruled that this contact was untimely because it came more than 45 days after any alleged incident. *See id.*

In opposition to the government's motion before the district court, Pauling argued that he should be excused entirely from the 45-day requirement—and, thus, that any allegations of discrimination should be considered timely—because he had no knowledge of this requirement. The government submitted responsive papers in which, for the first time, it argued that Pauling was placed on constructive notice of the filing requirement by posters displayed at various locations at SLNM. In an accompanying affidavit, EEO Counselor Moreno produced a poster he identified as being "of the type ... posted on employee bulletin boards" from 1988 through 1995.

1. In addition, the agency or the EEOC is required to extend the 45-day time limit if the employee shows "[1] that he or she did not know and reasonably should not have ... known that the discriminatory matter or personnel action occurred, [2] that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or [3] for other reasons considered sufficient by the agency or the Commission." 29 C.F.R. § 1614.105(a)(2). None of these other bases for extension is presented on this appeal.

2. Pauling maintained before the district court that he had "initiated contact" with Moreno on a number of other instances. The court ruled, however, that each of these instances failed to meet the EEOC's definition of "initiating contact." *See Pauling,* 960 F.Supp. at 803–04. The

only instance of "contact" (other than that of April 1993) that Pauling draws to our attention on this appeal involved his attempts to contact Moreno during November 1993. According to Moreno's deposition, Moreno learned from another employee that Pauling was interested in speaking with him regarding a possible complaint; thereafter, Moreno left messages for Pauling but did not succeed in contacting him. *See id.* at 798. Pauling argued that his failure to exhaust administrative remedies in November 1993 should be excused because he was suffering from a "major depressive episode." *Id.* at 804 n. 6. The court ruled, however, that Pauling had failed to provide any evidence to support this contention. *Id.* Because of our disposition of this appeal, we do not reach Pauling's subsidiary argument that he should be deemed to have initiated contact in November 1993.

The specific poster submitted by the government carried pictures of six EEO counselors, and—in apparent reference to the 30–day time limitation that applied until October 1, 1992, *see* 57 Fed.Reg. 12634 (1992) (replacing 30–day period with 45–day period)—instructed employees that they "should contact one of the above individuals within 30 calendar days of the alleged discriminatory action(s) or event." In response, Pauling argued principally that the government had failed to disclose this poster or any other like it in response to a request for production of documents that Pauling had made several months earlier. He further argued that the government's summary judgment motion should be denied on the basis of Fed.R.Civ.P. 56(f), which allows the district court to either deny a summary judgment motion or grant a continuance in order to allow further discovery. *See* 11 James Wm. Moore, *Moore's Federal Practice* § 56.10[8][a] (3d ed.1998).[3] Pauling also argued (1) that the poster was inaccurate, because it referred to a 30–day limitations period and (2) that, by using the world "should," the poster did not alert employees of the mandatory nature of the limitations period.

In its initial opinion, dated April 14, 1997, the district court expressed provisional agreement with the government's position that Pauling had been effectively afforded constructive notice, and that such notice would foreclose the time extension Pauling sought under § 1614.105(a)(2). See Pauling, 960 F.Supp. at 805–06. However, due to the government's production of the relevant poster *after* it had moved for summary judgment, the court declined to rule on the motion. Instead, it granted Pauling the opportunity to "take one deposition in order to test whether the poster is sufficient to constitute constructive notice," *id.* at 806.

Because the district court subsequently found that Pauling's attorney improperly contacted two Department employees, it rescinded Pauling's authorization to take an additional deposition. However, Pauling submitted to the court an affidavit in which he averred that (1) during his tenure at SLNM, he was generally aware "that EEO Counselors were in place for the purpose of receiving discrimination complaints, and that the EEO Counselor was the person to go to in order to present any discrimination complaint, [but he] never knew, and was never advised, that there were time deadlines for doing so," (2) while employed at SLNM, he never saw the poster introduced by the government, or anything like it, and (3) the bulletin boards at SLNM where the government claimed the poster was displayed were "places that were specifically off-limits to the buildings and utilities crew," in which Pauling worked.

In a second decision dated July 15, 1997, the district court acknowledged Pauling's affidavit, *see Pauling,* 1997 WL 399839, at *3, but ultimately ruled that "it was irrelevant whether Pauling had constructive notice of the timing requirements through the placement of EEO posters," *id.* at *1. The district court reasoned that "[t]he regulatory tolling provision [contained in § 1614.105(a)(2)], while couched in mandatory terms, cannot extend the timing deadline indefinitely." *Id.* at *6. The court concluded that Pauling's request for an extension of time was unreasonable, as it would have stretched the period to at least five months—the approximate span between his last day of work in November 1993 and his March 1994 letter. *See id.* at *6. Such an extension would be inappropriate, the court reasoned, because Pauling had admitted awareness of his obligation to bring any discrimination complaints to an EEO counselor, but only claimed to be unaware of the time period in which he had to initiate contact. *See id.* Accordingly, the court granted the government's motion for summary judgment.

Pauling's timely appeal followed.[4]

## II.

Although courts have likened the 45–day period at issue in this case to a "statute of

3. Rule 56(f) provides as follows:

Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

4. Pauling appeals from a final judgment entered by the district court on October 31, 1998, pursuant to Fed.R.Civ.P. 54(b). Although claims by one of Pauling's co-plaintiffs remained pending

limitations," *see, e.g., Johnson v. Runyon,* 47 F.3d 911, 917 (7th Cir.1995), this provision bears a feature uncommon to statutes of limitations generally: The aggrieved employee is absolved from complying with the filing period if he can show "that he ... was not notified of the time limits and was not otherwise aware of them." 29 C.F.R. § 1614(a)(2). In this context, ignorance of the law *is* a defense of sorts—and government agencies are effectively placed on notice that it is in their institutional interest to notify employees of this limitations period.

Pauling principally argues that he was unaware of the 45–day time period imposed by § 1614.105(a)(1), and thus was entitled to an extension of the limitations period pursuant to § 1614.105(a)(2). Because we are reviewing the district court's grant of a motion for summary judgment, we cannot, of course, conclusively determine whether Pauling was actually unaware of the 45–day time limit. We must look to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" to determine whether there remains a "genuine issue" as to this material fact. Fed.R.Civ.P. 56(c). We review *de novo* a grant of summary judgment, *see Kracunas v. Iona College,* 119 F.3d 80, 86 (2d Cir.1997), and we are required to construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Services, Inc.,* 147 F.3d 232, 235 (2d Cir.1998).

Notwithstanding Pauling's contention that he was unaware of the 45–day time limit, the government articulates two grounds on which it asserts we may affirm the district court's refusal to excuse his noncompliance with that time limit.

█ First, the government offers a ground for affirmance on which the district court did not itself rely—that Pauling was, in fact, placed on constructive notice of the limitation period by the informational posters. Although the record, as it now exists, clearly shows a dispute of fact regarding Pauling's access to the locations where these posters were assertedly displayed, the government argues that Pauling waited too long to introduce the affidavit on which that dispute rests. In particular, the government maintains that Pauling "waived" his contention that the locations in question were "off-limits" to him, by failing to raise this contention before submitting his affidavit in the aftermath of the district court's April 14, 1997 decision. We disagree. The April 14 decision explicitly gave Pauling the opportunity to take one further deposition to probe the sufficiency of the constructive notice supposedly given. By leaving this question open for later decision, the district court effectively invited the submission of additional, pertinent evidence.

█ Second, the government embraces the district court's holding that the requested extension would be of an unreasonable length in this case. Again, we disagree. Though the district court acknowledged that § 1614.105(a)(2) uses mandatory terms to describe the extension to be afforded a defendant who can show that he is unaware of the 45–day limitations period, the court nonetheless held that it would be "unreasonable" on the facts presented in this case to extend the limitations period to five months—that is, the period from November 1993, when Pauling last worked at the SLNM, until he "initiat[ed] contact" in March 1994.[5] *See Pauling,* 1997 WL 399839, at *6. In particular, the court explained that it made this determination "because Pauling admits that he was aware that he was required to bring any discrimination complaints to an EEO counselor.... [T]his is not a situation where an employee was unaware of his or her rights. Rather, Pauling claims that he did not know the precise time requirements." *Id.*

We need not decide whether the district court had the power to limit the extension under § 1614.105(a)(2) to a "reasonable" time, notwithstanding the mandatory terms

---

at that time, the district court ruled that there was "no just reason why [Pauling's appeal] should be delayed"; additionally, the court noted that co-plaintiff's case did not require consideration of § 1614.105(a)(1), on which Pauling's case had foundered.

5. As the district court noted, the requested extension would amount to a limitations period of more than five months for those discriminatory acts alleged to have occurred prior to November 1993.

in which that provision is written.[6] Even assuming, without deciding, that the district court does enjoy such a power under the regulation, we conclude that it erred in finding that the extension sought in this case would be unreasonable. Pauling's admitted awareness that he was required to bring discrimination complaints to an EEO counselor does not, in any way, indicate that he was aware that he had to do so within 45 days—or, for that matter, within the five months that the court found unreasonable. *Cf. Bayer v. United States Dep't of Treasury,* 956 F.2d 330, 333 (D.C.Cir.1992) ("[W]e are at a loss to comprehend why [plaintiff]'s knowledge that a complaint could be lodged compels the inference that Bayer knew he had only thirty days to consult an EEO counselor."). Precisely because the 45–day limitations period is unusually short, the court erred in charging him with knowledge of this time limit on the mere basis of his conceded knowledge of EEO processes generally. *Cf. Johnson,* 47 F.3d at 917 ("[T]he [45] day statute of limitations is not reasonable if agencies and courts do not liberally construe the [ (a)(2) ] exceptions." (citation omitted)). Accordingly, Pauling's awareness of his obligation to initiate contact with an EEO counselor does not preclude the extension of time under § 1614.105(a)(2).

### III.

To summarize:

(1) Pauling has raised an issue of material fact in support of his contention that he was not placed on notice—constructive or otherwise—of the 45–day limitations period of § 1614.105(a)(1).

(2) The district court erred in its conclusion that, in light of Pauling's general understanding of EEO procedures, the particular extension requested pursuant to § 1614.105(a)(2) would be "unreasonable."

---

**6.** Pauling appears to concede that the district court did not err in holding that it had such power, consistent with § 1614.105(a)(2). *See* Brief for Plaintiff-Appellant at 22 ("Plaintiff does

Accordingly, we vacate the judgment of the district court and remand for proceedings consistent with this decision.

---

not dispute that at some point his delay in contacting an EEO counselor would have barred this action, notwithstanding the regulation mandating an extension.").