**Norman R. JOHNSON, Plaintiff–
Appellant,**

v.

**William S. COHEN, Secretary
of Defense, Defendant–
Appellee.**

No. 00–3904.

United States Court of Appeals,
Sixth Circuit.

March 8, 2001.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; and TARNOW,* District Judge.

Norman R. Johnson, a pro se plaintiff, appeals a district court order and judgment granting summary judgment for the defendant in his employment discrimination action filed under Title VII, 42 U.S.C. § 2000e–5(f)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Johnson, an African–American, is a civilian employee of the Department of Defense in the Defense Finance and Accounting Service (DFAS), at Wright–Patterson

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

Air Force Base in Dayton, Ohio. On May 16, 1993, Johnson, who was a foreign military sales accounting technician at grade level GS–525–06, received a one-year promotion to a GS–525–07 accounting technician position. Johnson alleges that, while occupying the temporary position at grade GS–525–07, he became eligible for a permanent position at that grade level. However, a white female with less seniority was awarded the permanent GS–525–07 position and another white female with less seniority was granted a one-year extension to her temporary GS–525–07 position. Johnson was officially notified of his non-selection for either the permanent position or the one-year extension on May 9, 1994, after having informally learned of it in late April. Sometime in May 1994, Johnson spoke with an Equal Employment Opportunity (EEO) counselor stationed in Denver, Colorado, but indicated that he did not wish to file a discrimination charge at that time because he was trying to obtain more information about the personnel action from a DFAS consolidation team leader. Johnson's own temporary promotion was extended from May 15, 1994, until June 26, 1994, after which he was returned to a different GS–525–06 position from the one he had previously occupied.

On November 3, 1995, after receiving the additional information, Johnson contacted a different EEO counselor in Denver to express his desire to file an employment discrimination complaint. He filed an informal complaint on November 18, 1995, and, on January 16, 1996, filed a formal complaint alleging that he was not selected for the position because of his race (African–American) and his gender. The DFAS issued a final agency decision on May 6, 1996, dismissing his complaint pursuant to 29 C.F.R. § 1614.107(b) as untimely in that he initiated contact with an EEO counselor outside of the 45–day time limit. Johnson appealed to the Equal

Employment Opportunity Commission (EEOC), which affirmed the agency's decision and notified him of his right to sue.

In his Title VII complaint, Johnson claimed that he was illegally denied promotion because of his race and gender. He asked the court to overturn the 45–day time constraint, award him $375,000 in damages, and reinstate him to the appropriate grade level. Both parties expressly consented to have this matter decided by a magistrate judge.

The magistrate judge granted the defendant's motion for summary judgment and dismissed the complaint in a decision and order entered on June 13, 2000. A separate judgment was entered the same day. The magistrate judge found that Johnson knew or should have known of the possible discrimination at least by May 9, 1994, and that the EEOC had reasonably interpreted its own regulations to determine that Johnson had failed to initiate contact with an EEO counselor within 45 days as required. The magistrate judge, therefore, found that Johnson had failed to timely exhaust his administrative remedies and was not entitled to a trial on the merits of his claim.

On appeal, Johnson argues that the district court erred by: (1) deferring to the agency's interpretation of the 45–day limitations period for initial contact; and (2) finding the defendant entitled to summary judgment, in part through alleged factual misrepresentations.

■ This court reviews a grant of summary judgment *de novo*, using the same test as that used by the district court. *Gaines v. Runyon*, 107 F.3d 1171, 1174 (6th Cir.1997). Thus, summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

■ In order to satisfy the prerequisites of an employment discrimination action under Title VII, a plaintiff must timely exhaust his administrative remedies. *See Pauling v. Secretary of the Dep't of the Interior*, 160 F.3d 133, 133–34 (2d Cir. 1998); *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir.1989). Pursuant to EEOC regulations applicable to employees of federal government agencies, an employee who believes he has been discriminated against must consult an EEO counselor prior to filing a complaint in order to try to informally resolve the matter. *See* 29 C.F.R. § 1614.105(a); *Pauling*, 160 F.3d at 133–34. More specifically, "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). Nonetheless, the agency or the EEOC

shall extend the 45–day time limit … when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been [sic] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2).

■ Upon review, we conclude that no genuine issue of material fact exists as to whether Johnson initiated contact within the meaning of the regulation within 45 days of the adverse personnel action, but that one does exist as to whether he was notified of the 45–day limitations period for "initiating contact." The EEOC has set out what it requires to "initiate contact" with an EEO counselor:

The EEOC has held that in order to "initiate contact" an employee must (1) contact an agency official logically connected with the EEO process, even if that official is not an EEO counselor; (2) exhibit an intent to begin the EEO process; and (3) allege that an incident in question is based on discrimination.

*Pauling v. Secretary of the Dep't of Interior*, 960 F.Supp. 793, 803 (S.D.N.Y.1997) (citations omitted).

■ The EEOC found that Johnson initiated contact in November 1995, far beyond the 45–day period following Johnson's May 9, 1994, official notification of the personnel decision, and the district court accepted the agency's interpretation and application of its regulation as reasonable. In order to be timely, Johnson would have had to initiate contact with the EEO counselor by late June 1994. The only contact that could arguably be timely under the regulation is the telephone conversation with EEO counselor Steve Amella, which Johnson alleges took place in May 1994 following a letter written to Amella. The defendant does not dispute that such contact occurred, but contends, as do the EEOC and the district court, that this contact—at which time Johnson expressly declined to file a charge—was not the contact contemplated by the regulation. Under the EEOC interpretation cited above, this contention appears to be correct. Johnson's conversation with Amella meets only the first of the three criteria listed. "An agency's interpretation of its own regulations is 'of controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" *Id.* (quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945)). The EEOC's interpretation of this regulation is not plainly erroneous or inconsistent with the regulation.

Because Johnson did not timely initiate contact, his complaint was properly dismissed unless he can demonstrate that he qualifies under one of the four criteria for equitable tolling. *See* 29 C.F.R. § 1614.105(a)(2). Johnson argues that the time limit should be tolled because he was not informed of the 45–day limit until November 1995 or, alternatively, that he was misled into believing he had put Amella on sufficient notice of his concerns. These assertions, if true, might be sufficient to toll the 45–day period under either the first (was not notified of the time limit) or the last (any other reason considered sufficient) circumstance for equitable tolling under § 1614.105(a)(2). The Seventh Circuit has noted that " '[t]he [45] day statute of limitations is not reasonable if agencies and courts do not liberally construe the [(a)(2)] exceptions.' " *Johnson v. Runyon,* 47 F.3d 911, 917 (7th Cir.1995) (quoting *Myles v. Schlesinger,* 436 F.Supp. 8, 18 (E.D.Pa.1976)).

The district court did not address the question of whether Johnson had notice of either the 45–day limitations period or that his conversation with EEO counselor Amella would not adequately preserve his rights. Johnson clearly indicated an intent to pursue the matter during that conversation in that he informed the counselor that he was gathering information for a possible discrimination action. We therefore find that a genuine issue of material fact exists relevant to whether the 45–day period for initial contact should be tolled in Johnson's case.

Accordingly, the district court's judgment is vacated and the case is remanded for further proceedings consistent with this order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.