Carol F.C. PALADINO, Plaintiff–Appellant,

v.

John E. POTTER, Postmaster, United States Postal Service, Defendant–Appellee.

No. 08–0129–cv.

United States Court of Appeals, Second Circuit.

Sept. 1, 2009.

Reynold A. Mauro, Commack, NY, for Appellant.

Varuni Nelson, Robert B. Kambic, Assistant United States Attorneys, for Benton J. Campbell, United States Attorney, Eastern District of New York, Central Islip, NY, for Appellee.

Present: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges and GERARD E. LYNCH, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Carol F.C. Paladino, a former letter carrier for the United States Postal Service ("USPS"), appeals the December 3, 2007 judgment of the United States District Court of the Eastern District of New York (Bianco, *J.* ), granting summary judgment to defendant-appellee, John E. Potter, Postmaster General of the USPS, and dismissing Paladino's complaint alleging employment discrimination. *See Paladino v. Potter,* No. 06–CV–5930, 2007 WL 4255247 (E.D.N.Y. Nov. 29, 2007). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

■ We review a grant of summary judgment de novo, examining the facts in the light most favorable to the non-moving party and resolving all factual ambiguities in that party's favor. *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.,* 444 F.3d 158, 162 (2d Cir.2006).

■ We affirm the district court's conclusion that Paladino failed to timely exhaust her administrative remedies within the requisite 45–day period, *see Pauling v. Sec'y of the Dep't of Interior,* 160 F.3d 133, 133–34 (2d Cir.1998), because it is undisputed that Paladino initiated contact with the EEO counselor on March 28, 2006, more than 45 days after the latest alleged discriminatory act on December 2, 2005.

■ We also agree with the district court that Paladino has not established that the circumstances of this case warrant equitable tolling. Equitable tolling requires a showing by plaintiff that she "(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli–Edelglass v. N.Y. City Transit Auth.,* 333 F.3d 74, 80–81 (2d Cir.2003) (quotation marks omitted). This standard is not met here, given that Paladino, who was familiar with the EEO process, and was represented by counsel, had signed the pre-complaint counseling form on February 14, 2006 but failed to forward it to the EEO office until March 28, 2006.

■ Finally, we reject Paladino's arguments that the 45–day period should be tolled or did not start to run until the grievance proceedings were completed. *See Del. State Coll. v. Ricks,* 449 U.S. 250, 261, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) ("[P]endency of a grievance, or some other method of collateral review of an employ-

---

* The Honorable Gerard E. Lynch, of the United States District Court for Southern District of New York, sitting by designation.

ment decision, does not toll the running of the [EEO] limitations periods."); *Alleyne v. Am. Airlines, Inc.*, 548 F.3d 219, 222 (2d Cir.2008) (" 'The proper focus for calculating the limitations period is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.' " (alterations omitted) (quoting *Ricks*, 449 U.S. at 258, 101 S.Ct. 498)).

Accordingly, the judgment of the district court is **AFFIRMED.**