In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-2040

CHARLES H. BUDDE,

*Plaintiff-Appellant,*

*v.*

KANE COUNTY FOREST PRESERVE,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:06-cv-01165—**Rebecca R. Pallmeyer,** *Judge.*

ARGUED JANUARY 13, 2010—DECIDED MARCH 4, 2010

Before BAUER, MANION and TINDER, *Circuit Judges.*

BAUER, *Circuit Judge.* Charles Budde, the police chief for the Kane County Forest Preserve District (the "District"), sued his former employer, claiming that it discriminated against him on the basis of his disability, alcoholism. The district court entered summary judgment for the District. We affirm.

## I. BACKGROUND

Charles Budde decided to drive home after drinking four or five glasses of wine at the Moose Lodge. He rear-ended another car, sending both the driver and passenger to the hospital. Budde was found to have a blood alcohol level of .23, nearly three times the legal limit in Illinois.

Monica Meyers, the District's executive director and Budde's immediate supervisor, initially placed Budde on paid administrative leave and subsequently terminated him. At the time of his termination, Budde's driver's license had been revoked as a result of the accident, but he had not yet been convicted of driving under the influence. The termination letter stated, in part:

> The decision to terminate your employment was based on a number of factors all of which independently would justify your termination. Those factors include a pattern of errors in judgment on your part, your inability to perform your duties as Director of Public Safety due to the suspension of your driving privileges, and engaging in conduct that is below the standard expected for this position.

Following his termination, Budde filed suit, contending that the District violated the Americans with Disabilities Act ("ADA") by discriminating against him because of his disability when they fired him; by failing to accommodate his alcoholism; and by retaliating against him for requesting a reasonable accommodation. The District moved for summary judgment on all of Budde's claims.

In granting the motion, the district court concluded that Budde was barred from recovering under the ADA

because he was terminated for his misconduct, not because he had a disability. The district court found that the drunk driving accident was the foundation for the three reasons Meyers gave for Budde's termination. *Budde v. Kane County Forest Pres.*, 603 F. Supp. 2d 1136, 1142-43 (N.D. Ill. 2009). Even assuming that he was disabled, the district court found Budde was not a "qualified individual with a disability" entitled to protection under the ADA because he violated clearly established work rules. *Id.* at 1143. Specifically, the district court concluded that Budde violated the Standard Operating Procedure ("SOP") that stated "all employees and members of the Department . . . may be made subject of disciplinary action" for violating "any Federal, State, County, or Municipal law." *Id.* at 1142. The district court noted that the ADA "neither prevents employers from holding persons suffering from alcoholism . . . [to] reasonable rules of conduct, nor protects alcoholics from the consequences of their own misconduct." *Id.* (citation omitted).

## II. DISCUSSION

We review the district court's grant of summary judgment de novo, construing all facts and reasonable inferences in Budde's favor. *Winsley v. Cook County*, 563 F.3d 598, 602 (7th Cir. 2009). Summary judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that the District is entitled to judgment as a matter of law. Fed R. Civ. P. 56(c).

In order to prevail on his discrimination claim, Budde must first establish that he is a "qualified individual with a disability." *Basith v. Cook County*, 241 F.3d 919, 927 (7th Cir. 2001). A "qualified individual with a disability" is someone who (1) satisfies the requisite skill, experience, education, and other job-related requirements of his employment position, and (2) can perform the essential functions of the position held or desired, with or without reasonable accommodation. 29 C.F.R. § 1630.2(m). Budde's claim fails because, as a result of his misconduct, he cannot perform essential job functions in that he (1) failed to comply with universal workplace rules and (2) could not perform an essential job function in that he was unable to operate a motor vehicle due to his suspended driver's license.

Violation of a workplace rule, even if it is caused by a disability, is no defense to discipline up to and including termination. *Pernice v. City of Chicago,* 237 F.3d 783, 785 (7th Cir. 2001). Where the misconduct at issue involves a plaintiff's off-duty criminal behavior, an employer is not required to wait for the outcome of a criminal adjudication and/or have proof beyond a reasonable doubt before it can impose discipline. *Id.* at 784.

Based on the record, we find that there were sufficient facts for Meyers to believe that Budde's misconduct constituted a violation of the District's SOPs, which warranted his termination. He violated both the SOP that prohibited officers from being publicly intoxicated, as well as the SOP that prohibited employees from violating public laws. As police chief, the District could

reasonably expect Budde to refrain from engaging in unlawful activities. We agree with the district court that in choosing to drive while intoxicated and causing a crash that sent two people to the hospital, he failed to comply with the workplace rules, and Budde was no longer qualified to perform his job as police chief.

In addition, both the District and Budde agree that one of Budde's essential job functions was the ability to operate a vehicle: Budde was the police chief who authored General Order 92-09, stating that the ability to operate a vehicle is an essential job function, and the District provided Budde with a police car to use at all times. Appellant's Br. at 13-14. The District argues that Budde was not "qualified" because, as a result of his misconduct, his driver's license was suspended and he could not operate a vehicle. In contrast, Budde argues that "the ability to operate a vehicle" is different from "hav[ing] a valid driver's license." Appellant's Br. at 13.

We do not find Budde's attempt to draw a distinction persuasive. The only logical reason to require the police chief to have the ability to operate a vehicle is so that he can, in fact, drive the vehicle. And under Illinois law, "no person shall drive a motor vehicle unless he holds a valid license, permit, or restricted driving permit." Illinois Driver Licensing Law, 625 Ill. Comp. Stat. 5/6-101. Budde's inability to operate a vehicle is not the result of his disability; it is a consequence of choosing to drive his car after consuming four or five glasses of wine.

The District terminated Budde because of his misconduct, not due to discrimination. Budde was not "quali-

fied" to perform his job as police chief, based on his failure to comply with workplace rules and his inability to operate a vehicle. Budde's claims for failure to accommodate and retaliation for seeking an accommodation are also without merit.

## III.  CONCLUSION

Budde failed to conform to workplace rules and, as a consequence, was no longer qualified to perform an essential function of his job as police chief. We therefore AFFIRM the district court's granting of summary judgment.